IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CALEEM LARONDE,
    Plaintiff,

vs.                                    Case No.: 3:12cv516/MCR/EMT

SGT. MASON
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Defendant's Motion to Dismiss (doc. 14), which the court converted to a motion for summary judgment due to Defendant's reliance on matters outside the pleadings (*see* doc. 18). Plaintiff has filed a response in opposition to Defendant's motion (doc. 32). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant's motion should be granted and Plaintiff's case should be dismissed.

### Background

Plaintiff originally filed the complaint in this case in the Second Judicial Circuit Court in and for Leon County Florida on July 26, 2012[1] (*see* doc. 5-1 at 14 (date stamp by institution); doc. 32 at 6). Plaintiff alleges violations of his federal constitutional rights and brings claims under state tort

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

law (doc. 5-1 at 5). Specifically, Plaintiff claims that after he was transported to an outside medical facility for evaluation and treatment, Defendant Sgt. Mason, the lone Defendant in this action,[2] violated his Eighth and Fourteenth Amendment rights by intentionally and deliberately preventing Plaintiff from receiving proper treatment (doc. 5-1 at 11–12). Defendant Mason removed Plaintiff's case to this court on October 15, 2012, based on Plaintiff's assertion of federal claims (doc. 1).

Defendant Mason now moves to dismiss the complaint on two grounds. First, he contends he is entitled to Eleventh Amendment immunity.[3] Second, he asserts that Plaintiff failed to exhaust his administrative remedies. The court concurs that Plaintiff has failed to properly exhaust his administrative remedies prior to filing suit as required by law and that dismissal is therefore warranted.

## Analysis

Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 ("PLRA"), provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion of all available administrative remedies is mandatory and is a precondition to suit. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)); *see also* Alexander v. Hawk, 159 F.3d 1321, 1325–28 (11th Cir.1998).[4] The exhaustion requirement applies

---

[2] Plaintiff's motion to amend his complaint and add additional Defendants was denied pending resolution of Defendant Mason's motion to dismiss (*see* doc. 35).

[3] Defendant erroneously asserts that Plaintiff does not specify if he sues Defendant in his official or individual capacity (*see* doc. 14 at 2). However, the first page of Plaintiff's complaint plainly states that Defendant is "sued in individual compacities (sic)" (doc. 5-1 at 7).

[4] The purpose of this exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits. Porter, 534 U.S. at 524. In Alexander, the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:

(1) to avoid premature interruption of the administrative process;
(2) to let the agency develop the necessary factual background upon which decisions should be based;
(3) to permit the agency to exercise its discretion or apply its expertise;
(4) to improve the efficiency of the administrative process;
(5) to conserve scarce judicial resources;

to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 524. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. Booth, 532 U.S. at 741; *see also* Zolicoffer v. Scott, 55 F. Supp. 2d 1372, 1375 (N.D. Ga. 1999), *aff'd*, 252 F.3d 440 (11th Cir. 2001). The requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *See* Booth, 532 U.S. at 741 n.6; *see also* McCarthy v. Madigan, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required."); Alexander, 159 F.3d at 1325. Moreover, the PLRA requires "proper exhaustion," so that the agency addresses the issues on the merits. Woodford v. Ngo, 548 U.S. 81, 92 (2006); *see also* 548 U.S. at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."). Failure to have properly exhausted administrative remedies is tantamount to failure to have stated a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). Therefore, a complaint is subject to dismissal if the court determines that Plaintiff failed to exhaust his administrative remedies with respect to his claims prior to filing suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000); Alexander, 159 F.3d at 1325–26.

Florida regulations establish a three-step grievance process within state institutions that includes an informal grievance, formal grievance, and appeal to the office of the Secretary of the Department of Corrections ("DOC"). *See* Fla. Admin. Code rr. 33-103.005 to 103.007 (2003). If an inmate is filing a medical grievance, he may bypass use of an initial informal grievance and begin his medical complaint with a formal grievance, submitted on Form DC1-303, at the institutional level. *See* Fla. Admin. Code rr. 33-103.006(1), (3)(e), 33-103.008, 33-103.019. If the inmate is dissatisfied with the result of the medical formal grievance (for example, if it is denied), the inmate may obtain further administrative review by submitting an appeal to the Central Office. *Id.* at rr. 33-103.006(7),

---

(6) to give the agency a chance to discover and correct its own errors; and
(7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Id.* at 1327 (quoting Kobleur v. Group Hospitalization and Med. Servs., Inc., 954 F.2d 705, 712 (11th Cir. 1992)).

Case No.: 3:12cv516/MCR/EMT

33-103.007(1). If an inmate is filing an emergency grievance, a grievance of retaliation, known as a "Grievance of Reprisal," or a grievance of a sensitive nature, he may bypass use of informal and formal grievances and begin his complaint with a direct grievance to the Central Office. *Id.* at r. 33-103.007(6)(a).

In this case, Plaintiff's own response to Defendant's motion proves that dismissal is warranted under the controlling law. Plaintiff's initial injury and Defendant's alleged interference with Plaintiff's emergency medical care occurred on or about October 29, 2011 (doc. 32 at 3). Plaintiff states that he filed a grievance with the warden on July 11, 2012 (*id*. at 6, and exh. E). This grievance was denied on July 16, 2012 (*id.*). On July 26, 2012, Plaintiff mailed the complaint in this case to state court and it was docketed on July 29, 2012 (*id.*). On that same date, Plaintiff appealed his grievance to the Bureau of Grievance Appeals in Tallahassee (*id*.). His appeal was denied on August 22, 2012 (*id.* at 7 and exh. E). Although Plaintiff attempts to argue that his single grievance to the warden was sufficient to constitute exhaustion, under the case law set forth above, that simply is not true. It is plainly evident that Plaintiff had not fully exhausted those administrative remedies available to him prior to filing this lawsuit.[5] Thus, Defendant's motion must be granted and this case must be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendant's motion to dismiss (doc. 14) be **GRANTED**;

2. That this cause of action be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[5] In addition to the complaint filed in state court that ultimately led to this case, Plaintiff also filed a complaint against Defendant Mason in this federal district court on July 26, 2012. *See* Laronde v. Mason, Case No. 3:12cv369/RV/EMT. After paying the initial partial filing fee and filing an amended complaint, on October 16, 2012 Plaintiff moved to voluntarily dismiss that case, indicating that he wanted to pursue the parallel action in state court [the instant case, which he had unsuccessfully moved to remand] (*see* docs. 7, 9, 10, 16). The district court adopted the undersigned's recommendation that case 3:12cv369/RV/EMT be dismissed, and later denied Plaintiff's motions to reinstate the case and to consolidate the two federal cases (docs. 16–22). Case No. 3:12cv369 was never served on Defendant Mason, hence no motion to dismiss was filed in that case.

Case No.: 3:12cv516/MCR/EMT

At Pensacola, Florida, this 1ˢᵗ day of February 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**